Filed 6/28/21  P. v. Myers CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306667 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA061108) |
| v. | |
| MARK DAMON MYERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Mark Damon Myers challenges the trial court's summary denial of his petition under Penal Code[1] section 1170.95 for resentencing on his murder conviction. He argues that the trial court erred by denying his petition without appointing counsel to represent him, and by determining that the jury's finding of a felony-murder special circumstance (§ 190.2, subd. (a)(17)) made him ineligible for resentencing as a matter of law. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2006, a jury convicted Myers of one count of murder (§ 187, subd. (a)), three counts of robbery (§ 211), one count of preventing a witness from testifying (§ 136.1, subd. (a)(2)), and one count of conspiracy (§ 182, subd. (a)(1)). In addition, the jury found true an allegation of a felony-murder special circumstance (§ 190.2, subd. (a)(17)). The trial court sentenced Myers to life in prison without the possibility of parole.

In a nonpublished opinion, we described the facts of the case: "Defendant, a member of the Eastside Longo criminal street gang, was a longtime acquaintance of murder victim Rudolpho Rodriguez and Rodriguez's girlfriend, Christina James, both of whom were methamphetamine users. Gregory Clark and Jo'el Bruce, with whom defendant was also acquainted, lived next door to defendant's grandmother in the City of Signal Hill. At one point defendant asked Clark if defendant could go into the methamphetamine dealing business with Clark. Clark declined.

"On April 15, 2004, Rodriguez and James went to visit Clark and Bruce at their home. As Rodriguez and James

---

[1] Subsequent statutory references are to the Penal Code.

approached the Clark-Bruce house, they saw defendant standing on the porch of his grandmother's house.  Defendant told Rodriguez that he wanted to talk to him.  Rodriguez agreed and the two talked for five to 10 minutes while James visited with Clark and Bruce.  Rodriguez then joined James, Clark and Bruce inside the Clark-Bruce residence.

"About five minutes later, defendant knocked on the door of the Clark-Bruce residence and was let in by Clark.  Defendant was accompanied by two men, one of whom displayed a gun.  Defendant told those in the room that they were being 'taxed' and ordered them to hand over their valuables.  Clark handed over his rings and about $200 in cash.  Three cell phones were taken from James's purse.  Rodriguez asked defendant's two accomplices for their names.  Defendant responded that Rodriguez should not be concerned and that Rodriguez should remember that defendant was from Eastside Longo.

"According to James, after the cell phones had been taken from her purse the accomplice who had the gun told James to take off her jewelry.  Rodriguez then stood up, 'said that they would have to shoot him now,' and hit defendant in the head.  Defendant said, ' "Shoot him, just shoot him," ' and the accomplice with the gun shot Rodriguez.

"According to Clark, the accomplice with the gun pointed it at Rodriguez and told Rodriguez to empty his pockets.  After doing so, Rodriguez said to defendant, ' "now you're going to have to shoot me."  And advanced on [defendant].'  Rodriguez 'threw the first punch' and the two struggled 'somewhat.'  Clark next saw a flash, heard a gunshot, and saw Rodriguez fall to the floor.  Clark did not recall anyone saying, 'Shoot him.'

"Following the shooting, defendant and his accomplices fled. Rodriguez was taken to the hospital, where he died of a single gunshot wound to the torso. The fatal bullet was recovered from Rodriguez's body. A spent bullet casing was found at the scene." (*People v. Myers* (Dec. 17, 2008, B206153) [nonpub. opn.] (*Myers*).)

In his direct appeal, Myers argued that the trial court erred by giving the jury instructions as to the special circumstance for felony murder that were appropriate where the defendant was the actual killer, even though the evidence showed Myers did not kill the victim. We agreed but held that the error was harmless beyond a reasonable doubt because Myers was, at a minimum, a major participant in the robbery and acted with reckless indifference to human life.[2] (*Myers*, *supra*, B206153, at pp. 5–7.) For this reason, "[w]e conclude[d] that a properly instructed jury would have found true the robbery special circumstance alleged against defendant." (*Id.* at pp. 6–7.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Under the new law, a conviction for felony murder requires proof that the defendant was either the actual killer, acted with the intent to kill, or "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) The legislation also enacted

---

[2] Because there was a dispute as to whether Myers ordered his accomplice to shoot Rodriguez, we could not say conclusively that Myers acted with the intent to kill.

4

section 1170.95, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Myers filed a petition for resentencing on February 25, 2020. The trial court summarily denied the petition on the ground that the record of conviction, including our opinion in his direct appeal, showed as a matter of law that he was a major participant in the felony who acted with reckless indifference to human life and was therefore ineligible for resentencing.

## DISCUSSION

### A.    *Background on Senate Bill No. 1437*

Senate Bill No. 1437 includes both prospective and retrospective provisions. Prospectively, the law amended section 188 to provide that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment is to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*Gentile*, *supra*, 10 Cal.5th at p. 849.) In addition, Senate Bill No. 1437 enacted section 189, subdivision (e), which restricted felony-murder liability to cases in which the defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (See *Gentile*, *supra*, at pp. 842–843.)

5

The retroactive component of Senate Bill No. 1437 is codified in section 1170.95. (See *Gentile*, *supra*, 10 Cal.5th at p. 853 ["the Legislature intended section 1170.95 to be the exclusive avenue for retroactive relief under Senate Bill [No.] 1437"].) This section allows a defendant "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition" for resentencing under the new law. (§ 1170.95, subd. (a).) To be eligible for resentencing, a defendant must show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).)

The first step for a defendant to obtain relief under section 1170.95 is to file a declaration affirming that he is eligible for resentencing under the new law. (See § 1170.95, subd. (b)(1).) The trial court reviews the petition, and if the petition is incomplete, "the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the defendant's petition is facially sufficient, the trial court must determine whether the defendant has made a prima facie case for resentencing under section 1170.95, subdivision (c). As we described in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted March 18, 2020, S260598 (*Lewis*), this is a two-step process. First, the court "review[s] the petition and determine[s] if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) This is "a preliminary review of statutory eligibility for resentencing,"

6

akin to an initial review of a petition for resentencing under Propositions 36 and 47. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493 (*Verdugo*).) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*) In making this decision, the trial court may consider the record of conviction, including any prior appellate opinions in the case. (*Lewis, supra*, at pp. 1137–1138; *Verdugo, supra*, at pp. 329–330.)

If the trial court does not deny the petition at this point, "the court shall appoint counsel to represent the petitioner" (§ 1170.95, subd. (c)) for the second stage of prima facie review. The prosecutor then files a response, and the petitioner may file a reply. The review at this stage "is equivalent to the familiar decision[-]making process before issuance of an order to show cause in habeas corpus proceedings, which typically follows an informal response to the habeas corpus petition by the Attorney General and a reply to the informal response by the petitioner." (*Verdugo, supra*, 44 Cal.App.5th at p. 328, review granted.) Under this standard, "[i]f the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

If the court issues an order to show cause, it must hold a hearing within 60 days to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).) At this third and final stage of the proceeding, the prosecution has the burden of proving "beyond a reasonable doubt[ ] that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

7

### B. *The Trial Court Did Not Err by Finding that Myers Failed to Make a Prima Facie Case*

Myers contends that the trial court erred by summarily denying his petition. Although we held in our prior opinion in this case that the felony-murder special circumstance was valid because Myers was at least a major participant in the robbery and acted with reckless indifference to human life, Myers argues that this does not preclude him from relief under section 1170.95. He notes that, in the years following his conviction, the Supreme Court clarified the definition of major participation and reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Because no court has considered whether he was a major participant who acted with reckless indifference under the *Banks/Clark* standard, he contends that the trial court could not have found as a matter of law that he was ineligible for resentencing.

Within the past year, more than a dozen published opinions in the Court of Appeal have considered this question, and have reached divergent conclusions. We have addressed the issue ourselves three times in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978 (*Murillo*), and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*). In all three cases, we concluded that a defendant with a pre-*Banks/Clark* felony-murder special circumstance finding is ineligible for resentencing under section 1170.95, and that the trial court did not err by summarily denying a defendant's petition on that basis. Our colleagues in Division Two reached the same conclusion in *People v. Nunez*

8

(2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918, as did Divisions One and Two of the Fourth Appellate District, respectively, in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, and *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854, and most recently, the Fifth Appellate District, in *People v. Simmons* (June 16, 2021, F079610) __ Cal.App.5th __ [2021 WL 2450646]. On the other hand, our colleagues in Division Five of this district disagreed and held in *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954, that a pre-*Banks*/*Clark* felony-murder special circumstance finding does not disqualify a defendant from resentencing under section 1170.95. In *People v. Harris* (2021) 60 Cal.App.5th 939, review granted, April 28, 2021, S267802, a panel in Division Seven of this court reached the same conclusion, as did the First Appellate District, Division Four in *People v. Secrease* (2021) 63 Cal.App.5th 231, and the Fourth Appellate District, Division Three in *People v. Gonzalez* (June 11, 2021, G057502) ___ Cal.App.5th ____ [2021 WL 2389887].

There is no need to repeat arguments that have been thoroughly addressed in the above opinions. We stand by our analysis in *Galvan*, *Murillo*, and *Allison*, and on that basis we conclude that the trial court did not err by summarily denying Myers's petition. This does not leave Myers without any means of challenging the validity of the special circumstance finding, however. As we noted in *Galvan*, a defendant with a pre-*Banks*/*Clark* special circumstance finding may challenge the

9

sufficiency of the evidence for the special circumstance by means of a habeas corpus petition.  (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141, review granted; *In re Scoggins* (2020) 9 Cal.5th 667, 673-674.)  Myers filed a habeas corpus petition on March 21, 2019, which we denied "without prejudice to petitioner's filing a new petition in the superior court, in accordance with and pursuant to Senate Bill No. 1437 and . . . section 1170.95."  At the time we issued that order, we had not yet considered this issue fully or reached the conclusion we reached in *Galvan*, *Murillo*, *Allison*, and in this case.  Given the evolution of our jurisprudence on this issue, fairness dictates that our denial of his previous petition should not prejudice Myers from filing a new habeas corpus petition with this court pursuant to *Galvan*, *Murillo*, and *Allison*.

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



BENDIX, J.